D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiff and the proposed
FLSA Collective Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ANTONETA ULIU-PERSONIUS on behalf of     CASE NO.
herself and others similarly situated,

               Plaintiff,                              COMPLAINT

               v.                                       FLSA COLLECTIVE ACTION

JMFF LLC d/b/a DORLAN'S TAVERN &          DEMAND FOR JURY TRIAL
OYSTER BAR, FERNANDO DALLORSO,
JEREMY DAHM, MATTHEW ANDREWS,
and FRANK CASANO,

             Defendants.
-----------------------------------------------------------x

Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3.  At all times relevant to this complaint, Defendants owned, operated and/or controlled a bar and restaurant named Dorlan's Tavern & Oyster Bar ("Dorlan's") that is located at 213 Front Street, New York, New York 10038.

4.  Defendant JMFF LLC ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 213 Front Street, New York, New York 10038.

5.  Upon information and belief, the Defendant Corporation has a gross annual volume of sales of not less than $500,000.

6.  Defendant Corporation was directly engaged in interstate commerce. For example, upon information and belief, numerous items that were sold in Dorlan's on a daily basis were produced outside of the State of New York.

7.  Defendant Fernando Dallorso ("Dallorso") is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

8.  Defendant Dallorso possesses or possessed operational control over Defendant Corporation, has or had an ownership interest in Defendant Corporation, and/or controlled significant functions of Defendant Corporation.

9.  Defendant Dallorso determined the wages and compensation of employees, including Plaintiff Uliu-Personius, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

10. Defendant Jeremy Dahm ("Dahm") is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

11. Defendant Jeremy Dahm possesses or possessed operational control over Defendant Corporation, has or had an ownership interest in Defendant Corporation, and/or controlled significant functions of Defendant Corporation.

12. Defendant Dahm determined the wages and compensation of employees, including Plaintiff Uliu-Personius, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

13. Defendant Matthew Andrews ("Andrews") is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

14. Defendant Andrews possesses or possessed operational control over Defendant Corporation, has or had an ownership interest in Defendant Corporation, and/or controlled significant functions of Defendant Corporation.

15. Defendant Andrews determined the wages and compensation of employees, including Plaintiff Uliu-Personius, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

16. Defendant Frank Casano ("Casano") is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

17. Defendant Casano possesses or possessed operational control over Defendant Corporation, has or had an ownership interest in Defendant Corporation, and/or controlled significant functions of Defendant Corporation.

18. Defendant Frank Casano determined the wages and compensation of employees, including Plaintiff Uliu-Personius, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

19.     Plaintiff Antoneta Uliu-Personius was employed by Defendants as a server from approximately May 2016 until January 5, 2017.

## FLSA COLLECTIVE ACTION ALLEGATIONS

20.     Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all service employees, other than service managers, employed by Dorlan's on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective").

21.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Dorlan's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them properly for all overtime hours worked. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

22.     The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from the Dorlan's. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Dorlan's.

## FACTS

### WAGE AND HOUR ALLEGATIONS

23.     Plaintiff's consent to join form is attached hereto as Exhibit A.

24.     Plaintiff worked for Defendants at Dorlan's as a server.

25.    Plaintiff at times worked in excess of 40 hours per week. For example, in the week ending July 3, 2016 Plaintiff worked at least 43.6 hours, as reflected on her paystub.

26.    Throughout her employment, Plaintiff was paid an hourly rate that is lower than New York State minimum wage.

27.    Plaintiff was in fact paid the "tip credit" minimum wage under the NYLL.

28.    Defendants were not entitled to utilize the tip credits set forth under the New York Labor Law, because they (a) required Plaintiff to share tips with tip-ineligible employees, such as restaurant owner Defendant Dahm, and (b) did not give Plaintiff the appropriate notice of the tip credit, including but not limited to the notices required by N.Y. Lab. Law § 195.

29.    N.Y. Lab. Law § 195 requires an employer's weekly wage statement to set forth any allowances being applied to the Plaintiff's pay. However, Plaintiff's weekly pay stubs failed to set forth that Plaintiff was paid pursuant to a tip credit.

30.    Defendants did not distribute to Plaintiff a Notice and Acknowledgement of Pay form as required by N.Y. Lab. Law § 195.

31.    Plaintiff was required to share her tips with restaurant owner Defendant Dahm, and with other bar managers.

32.    When Plaintiff worked double shifts, they typically began at 10:30 a.m. and ended more than 10 hours later.

33.    Defendants did not pay Plaintiff New York's "spread of hours" compensation for days that Plaintiff worked double shifts.

34.    Defendants often held private events.

35.    At private events, Defendants charged customer a "service charge," calculated as a percentage of the food of beverage charge.

36. The service charge was referred to on Defendants' contracts as "Service Charge."

37. Defendants did not distribute this charge in its entirety to the service team that worked the event(s) at which they were charged.

38. Defendants committed the foregoing acts willfully and against Plaintiff and the FLSA Collective Plaintiffs.

## ADDITIONAL ALLEGATIONS

39. In early December 2016, Plaintiff complained to Defendants about their illegal tipping practices.

40. On or about January 5, 2017 Defendant Dallorso informed Plaintiff that Defendants were terminating Plaintiff's employment.

41. Defendant Dallorso insisted that the termination was not performance related and that she was a great performer.

42. Defendant Dallorso insisted that he could not tell Plaintiff the reason for her termination.

43. Given the timing of Plaintiff's termination and her solid performance, it is clear that Defendants terminated her in retaliation for her complaints about tip theft.

## FIRST CLAIM FOR RELIEF
### FLSA Overtime Violations, 29 U.S.C. § 207
### (Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)

44. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

45. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

46. Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek and continue to do so.

47. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay service employees at one-and-one-half times the New York minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

48. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**New York State Minimum Wage Act, New York Labor Law § 650 *et seq.***
**(Brought by Plaintiff on Behalf of Herself and the Collective Opt-in Plaintiffs)**

49. Plaintiff, on behalf of herself and the Collective Opt-in Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

50. Defendants knowingly paid the Plaintiff and the Collective Opt-in Plaintiffs less than the New York minimum wage as set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

51. Defendants did not pay Plaintiff and the Collective Opt-in Plaintiffs the New York minimum wage for all hours worked.

52. Defendants' failure to pay Plaintiff and the Collective Opt-in Plaintiffs the New York minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

53. As a result of Defendants' willful and unlawful conduct, Plaintiff and the Collective Opt-in Plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### THIRD CLAIM FOR RELIEF
**New York Overtime Violations**
**New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,**
**N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 146-1.4**
**(Brought by Plaintiff on Behalf of Herself and the Collective Opt-in Plaintiffs)**

54. Plaintiff, on behalf of herself and the Collective Opt-in Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

55. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

56. Defendants willfully, regularly and repeatedly failed to pay Plaintiff and service employees at the required overtime rate of one-and-one-half times the New York minimum wage for hours worked in excess of forty (40) hours per workweek.

57. As a result of Defendants' willful and unlawful conduct, Plaintiff and the Collective Opt-in Plaintiffs are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
**New York Notice Requirements, N.Y. Lab. L. §§ 195, 198**
**(Brought by Plaintiff on Behalf of Herself and the Collective Opt-in Plaintiffs)**

58. Plaintiff, on behalf of herself and the Collective Opt-in Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

59. Defendants did not provide Plaintiff and the Collective Opt-in Plaintiffs with the notices/wage statements required by N.Y. Lab. Law § 195.

60. As a result of Defendants' unlawful conduct, Plaintiff and the Collective Opt-in Plaintiffs are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

## FIFTH CLAIM FOR RELIEF
### Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d
**(Brought by Plaintiff on Behalf of Herself and the Collective Opt-in Plaintiffs)**

61. Plaintiff, on behalf of herself and the Collective Opt-in Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

62. Defendants retained gratuities paid by their customers and illegally shared gratuities among managerial employees and other employees ineligible to participate in the tip pool.

63. Plaintiff, on behalf of herself and the Collective Opt-in Plaintiffs, seeks damages in the amount of her respective withheld gratuities, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
### (New York Spread of Hours Provisions, N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 2011)
**(Brought by Plaintiff on Behalf of Herself and the Collective Opt-in Plaintiffs)**

64. Plaintiff, on behalf of herself and Collective Opt-in Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

65. Plaintiff and Collective Opt-in Plaintiffs sometimes had workdays that lasted more than ten (10) hours.

66. Defendants willfully and intentionally failed to compensate Plaintiff and Collective Opt-in Plaintiffs one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

67. As a result of Defendants' willful and unlawful conduct, Plaintiff and Collective Opt-in Plaintiffs are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## SEVENTH CLAIM FOR RELEIF
## NYLL Retaliation, N.Y. Lab. L. § 215

68. Plaintiff incorporates and realleges each preceding paragraph as though set forth in full herein.

69. Defendants willfully and unlawfully retaliated against Plaintiff for her execution of protected activities, namely her complaint regarding tip distribution.

70. In retaliating against Plaintiff, Defendants knowingly acted in deliberate disregard of Plaintiff's rights.

71. Defendants' conduct violated the New York Labor Law § 215.

72. As a result of Defendants' unlawful conduct, Plaintiff is entitled to damages in an amount to be determined at trial, including compensatory damages for monetary damages and emotional distress, punitive damages, statutory damages, front pay, attorneys' fees, costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs and the

Collective Opt-in Plaintiffs, prays for relief as follows:

    A.    An award of damages, according to proof, including back pay, front pay, punitive damages, and liquidated damages, to be paid by Defendants;

    B.    Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

    C.    Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

    D.    An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

    E.    Penalties available under applicable laws;

    F.    Costs of action incurred herein, including expert fees;

    G.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, and other applicable statutes;

    H.    Pre-judgment and post-judgment interest, as provided by law; and

    I.    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York  
January 13, 2017

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _____  
D. Maimon Kirschenbaum  
32 Broadway, Suite 601  
New York, NY 10004  
Tel: (212) 688-5640  
Fax: (212) 688-2548

*Attorneys for Named Plaintiff and the proposed FLSA Collective Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands jury trial on all causes of action and claims with respect to which she has a right to jury trial.

# EXHIBIT A

# CONSENT TO SUE UNDER
# FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **JMFF LLC d/b/a DORLAN'S** and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

ANTONETA ULIU- PERSONiuS
Full Legal Name (Print)

*[signature]*
Signature

01/12/2017
Date